UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TAIMAK SNYDER,                                      :

                Petitioner,      :

      -against-                     :   **REPORT AND RECOMMENDATION**

HAROLD D. GRAHAM,                             :        09 Civ. 10307 (RJS)(KNF)

                Respondent.    :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

      On November 2, 2009, pro se petitioner Taimak Snyder ("Snyder") filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder. He alleges his constitutional rights where violated when: (1) the court failed to advise him fully of the consequences of his guilty plea, during the plea allocution; (2) the court denied his motion to withdraw his guilty plea, without a hearing, after he alleged that his attorney coerced him into pleading guilty; (3) his appellate counsel rendered ineffective assistance to him; and (4) the court denied his oral request for appointment of new counsel, during the arraignment proceeding. The respondent opposes the petition.

## BACKGROUND

      Snyder was arrested and indicted for second-degree murder, first-degree manslaughter, attempted second-degree murder, first-degree assault and second-degree criminal possession of a weapon, in connection with a July 9, 2004 incident in Bronx County, in which two persons were shot, one of whom died as a result of his gunshot wounds. Snyder pleaded guilty to second-degree murder. At the sentencing proceeding, Snyder made an oral motion to withdraw his

1

guilty plea, asserting he was innocent of the charge, and that his assigned attorney coerced him into pleading guilty. Additionally, he contended that his attorney lied to him on numerous occasions and that the court did not grant a previous request that it assign different counsel to represent him. The court denied the motion, finding that Snyder's statements were not truthful, relieved Snyder's counsel of the obligation to continue to represent him and assigned new counsel to Snyder.

Snyder made a written motion to withdraw his guilty plea or, alternatively, for a hearing on the matter. Snyder asserted that his first counsel: (a) failed to discuss the case with him adequately; (b) coerced him into pleading guilty, by telling Snyder that he saw no viable defense for him; (c) convinced Snyder's mother that Snyder had to plead guilty because he would be convicted at trial, since he had no defense; and (d) rendered ineffective assistance to him because he never discussed with Snyder's parents matters such as his status as a special needs student and failed to move to have an expert examine him or to obtain his school records to determine whether they would provide a basis for a defense. Snyder also contended that, at least on two occasions, he requested that new counsel be appointed to him, but his requests were denied.

The court denied Snyder's motion, finding that: (i) nothing in the record indicated that Snyder's guilty plea was baseless or that he was foregoing a viable defense; (ii) no factual basis existed in the record for Snyder's claim that his attorney coerced him into pleading guilty; (iii) Snyder cannot eviscerate his guilty plea by claiming that he was confused or under stress at the time he admitted his guilt; (iv) Snyder's unsubstantiated allegation that he did not understand the court's questions was an improper basis for withdrawing his guilty plea and was incredible; (v) Snyder's plea was voluntary and knowing, and he was not coerced into pleading guilty; (vi) Snyder's contention, that obtaining information from his parents about his status as a special

needs student may have provided a basis for a defense, was unsupported by the record; (vii) nothing in the record indicated that a basis existed for asserting a defense of duress, entrapment or mental disease or defect; and (viii) nothing in the record indicted that Snyder's attorney rendered ineffective assistance to him.

      During the sentencing proceeding, Snyder stated that he was innocent and his first counsel did not have his best interest in mind.  The court announced it would not permit Snyder to withdraw his guilty plea for the reasons stated in the court's denial of Snyder's previous motions to withdraw his guilty plea.  Thereafter, Snyder was sentenced to fifteen years to life imprisonment.

      On direct appeal, Snyder argued that the court denied him due process of law, when, without holding a hearing, it refused to grant his motion to withdraw his guilty plea, based on his allegation that his first counsel coerced him into pleading guilty, when he was, in fact, innocent. More specifically, Snyder claimed that his attorney coerced him into pleading guilty because Snyder "was young, frightened, and impressionable," his intelligence quotient "was in the 'low-average' range," and he "had little experience with the criminal justice system."  According to Snyder, he had disagreements with his attorney.  This is evidenced by his "efforts, on two occasions, to have his attorney replaced."  In addition, Snyder maintained that nothing in the record establishes, unequivocally, that he was not coerced into pleading guilty.  Moreover, Snyder argued, he did not plead guilty in his own words, but only responded affirmatively to the court's inquiries.  He asserted that, the record is replete with his claims of innocence, and the court should have done more than just deny his motion to withdraw the guilty plea.  The prosecution contended that Snyder entered his guilty plea knowingly, voluntarily and intelligently.

The New York State Supreme Court, Appellate Division, First Department, found that the court denied Snyder's motion without a hearing properly because, at the time Snyder made his oral application to withdraw his guilty plea,

> the court conducted a lengthy colloquy with defendant, after which it assigned a new attorney who reiterated and supplemented defendant's claims in a written motion. In denying that motion, the court made detailed findings. The court was thoroughly familiar with the proceedings, including the plea allocution, and properly concluded that defendant's claims were unfounded. Defendant's claim of innocence, and all of his allegations relating to his original counsel's performance, are contradicted by statements defendant made at the time of the plea. The record establishes that the plea was knowing, intelligent and voluntary, and that it was made with the effective assistance of counsel.

People v. Snyder, 51 A.D. 3d 602, 602-03, 858 N.Y.S.2d 165, 166 (App. Div. 1st Dep't 2008). The New York Court of Appeals denied Snyder's application for leave to appeal. See People v. Snyder, 11 N.Y.3d 741, 864 N.Y.S.2d 400 (2008). This petition followed.

Snyder contends the court failed to advise him that his sentence includes mandatory parole. According to Snyder, had he been advised of that fact, he would not have pleaded guilty. Snyder maintains that he did not exhaust this issue in state court because he could not find anyone to assist him and was unable to make arguments on his own. Snyder argues that the court denied him due process of law when, without holding a hearing on the issue of whether his attorney coerced him into pleading guilty, it denied his motion to withdraw his guilty plea. Snyder also contends that his appellate counsel rendered ineffective assistance to him because he did not argue that: (a) the court failed to advise Snyder that mandatory parole is part of his sentence; and (b) Snyder's request for new counsel was denied on more than one occasion. Snyder maintains that he was unable to find anyone to assist him in exhausting this claim in the state court, and he is incapable of arguing it on his own. Moreover, Snyder contends that the trial court violated his constitutional rights when, during the arraignment proceeding, it denied

4

his oral request to obtain new counsel. According to Snyder, he did not exhaust this claim in the state court.

The respondent contends the state court's determination that Snyder's guilty plea was knowing, voluntary and intelligent was not contrary to or an unreasonable application of clearly established federal law. According to the respondent, the court's factual determinations are entitled to deference, including that the "information that [Snyder's] counsel may have obtained from [Snyder's] parents which indicated that [Snyder] was a special needs student, would not have given him the ability to construct a defense since nothing in the school records indicated that there was a basis for asserting a defense of duress, entrapment, or mental disease or defect, and therefore did not establish counsel's incompetency." Furthermore, since the court: (i) determined that Snyder had an opportunity to present his contentions through a written motion; (ii) reviewed the plea minutes; (iii) heard Snyder's oral application; and (iv) questioned him extensively, it was proper for the court to render its decision without conducting a hearing.

In his reply, Snyder contends that the state-court's decision regarding the voluntariness of his plea is an unreasonable determination of the facts because the state court ignored "highly probative" evidence, relevant to his claim and "should have held an evidentiary hearing to determine whether petitioner's plea was voluntary and made with effective assistance of counsel." Snyder asserts that the court denied his motions to withdraw his guilty plea without considering "the fact that petitioner did not admit his guilt in his own words to the plea court's inquiry" and his "responses to the plea court's inquiry had raised a serious question as to his competency; petitioner received . . . advice [from] an attorney who was inadequately informed of the facts of petitioner's case and petitioner's past history." Moreover, Snyder contends

>that the court's finding that there were [sic] no support from petitioner's motion papers and from the record regarding petitioner's status as a special need student were conclusory, unsupported by the evidence in the record and thus incorrect, since the record was replete with the evidence that petitioner was incompeten[]t and/or unintelligent to understand the court's proceedings or the proceedings against him.

Snyder argues that he entered his guilty plea unknowingly, involuntarily and unintelligently. He asserts that he entered his guilty plea based on an erroneous understanding of its consequences. Furthermore, Snyder contends that the court denied him due process of law when it failed to conduct a competency hearing sua sponte, because his responses to the court's inquiry at the plea proceeding "raised a significant question as to petitioner's competency."

## DISCUSSION

*Legal Standard*

>The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:
>
>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>28 U.S.C. § 2254(d).

A state-court decision is contrary to clearly established Supreme Court precedent if its conclusion on a question of law is "opposite to that reached by [the Supreme] Court," or if the state court reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state-court decision involves an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal rule from [the Supreme]

Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407, 120 S. Ct. at 1520. On a petition for a writ of federal habeas corpus, "[t]he petitioner carries the burden of proof." Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). "A state court's determination of a factual issue is presumed to be correct, and may only be rebutted by clear and convincing evidence." Bierenbaum v. Graham, 607 F.3d 36, 48 (2d Cir. 2010) (citing 28 U.S.C. § 2254(e)(1)).

AEDPA requires a petitioner to exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1)(A). When a claim has not been presented to a state court for adjudication, a federal court reviewing a habeas corpus petition may deem the claim exhausted "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001).

*Application of Legal Standard*

<u>Unexhausted Claims</u>

Except for Snyder's claim that the court violated his due process rights when it failed to conduct a hearing in connection with his motion to withdraw his guilty plea, all his claims are unexhausted. Snyder's claims that: (a) the court failed to advise him that mandatory parole is part of his sentence; (b) the court denied his oral request for appointment of new counsel during the arraignment proceeding; and (c) his appellate counsel rendered ineffective assistance to him, may not be deemed exhausted. This is so because, although Snyder's claims respecting the court's: (a) failure to advise him of mandatory parole; and (b) denial of his request for

7

appointment of counsel at his arraignment proceeding would be futile, as New York law requires dismissal of claims that could have been, but were not, brought on direct appeal, where no justifiable excuse for that failure is demonstrated, see New York Criminal Procedure Law § 440.10(2)(c), Snyder has also made a claim of ineffective assistance of appellate counsel via a writ of error coram nobis.  Coram nobis is the appropriate remedy, in New York, for an ineffective assistance of appellate counsel claim.  See People v. Bachert, 69 N.Y.2d 593, 599-600, 516 N.Y.S.2d 623, 627 (1987).  Thus, Snyder is not barred from bringing his ineffective assistance of appellate counsel claim in the state court.  If that claim is resolved favorably for Snyder, the state court could determine that a justifiable excuse for Snyder's failure to raise his unexhausted claims on direct appeal exists.  Moreover, in that circumstance, it is possible that the court would not dismiss Snyder's post-judgment motion to vacate judgment, based on his unexhausted claims, without considering the merits of those claims.  Therefore, Snyder's unexhausted claims may not be deemed exhausted because they are not procedurally barred; they must be dismissed.

<u>Exhausted Claim</u>

In support of his exhausted claim, that the court violated his due process rights when it failed to conduct a hearing in connection with his motion to withdraw his guilty plea, Snyder submitted his statement of facts from his appellate brief and a transcript excerpt from his plea proceeding.  Apart from Snyder's assertion that he was denied due process of law, no attempt has been made by him to identify, in his petition, any governing law or to explain how the Appellate Division's decision on his claim was either contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court.  See 28 U.S.C. § 2254(d).  Snyder also failed to show that the state court's decision resolving his claim is

grounded on an unreasonable determination of the facts.  Furthermore, Snyder did not present any evidence to the Court that rebuts the presumption of correctness accorded the factual findings made in the state courts respecting his exhausted claim.  See 28 U.S.C. § 2254(e)(1).

Snyder attempted to make arguments and new factual allegations, for the first time, in his reply.  However, "[a]rguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993).  He also raised, improperly, a new claim in his reply, which had never been raised in the state court, namely, that the court violated his due process rights when it failed to hold a competency hearing sua sponte.  To the extent that Snyder responds, in his reply, to the respondent's contentions in opposition to his petition, those responses have been considered by the Court.  The parts of Snyder's reply that respond to the opposition to his petition do no more than repeat the contentions made in his state-court appellate brief.  As a result, the Court finds that Snyder did not meet the burden imposed on him by 28 U.S.C. § 2254(d).  Therefore, he is not entitled to habeas corpus relief based on the claim that was adjudicated on the merits, by the state court.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (a) Snyder's unexhausted claims be dismissed from the petition; and (b) the petition be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan.

***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review***. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
      September 12, 2011

Respectfully submitted,

/s/ Kevin Nathaniel Fox  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Taimak Snyder  
Bari Kamlet, Esq.