```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: 3/22/2012       │
└─────────────────────────────┘
```

TAIMAK SNYDER,

                         Petitioner,

-v-

HAROLD D. GRAHAM,

                         Respondent.

No. 09 Civ. 10307 (RJS)(KNF)
ORDER

RICHARD J. SULLIVAN, District Judge:

Petitioner Taimak Snyder ("Petitioner") brings this timely filed *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Before the Court is (1) the Report and Recommendation (the "Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending dismissal of Petitioner's unexhausted claims and denial of his exhausted claim, and (2) Petitioner's objections to the Report. For the following reasons, the Court adopts the Report in its entirety, and the Petition is denied.

I. BACKGROUND

On July 30, 2004, a grand jury in New York State Supreme Court, Bronx County, returned an indictment against Petitioner, charging him with second-degree murder, first-degree manslaughter, attempted second-degree murder, first-degree assault, and second-degree criminal possession of a weapon in connection with a July 9, 2004 incident in which one person was injured and one person died as a result of gunshot wounds. On January 8, 2007, Petitioner pleaded guilty to second-degree murder in New York State Supreme Court, Bronx County. At that proceeding, the court asked Petitioner several questions concerning his decision to plead guilty, including whether Petitioner had conferred with counsel about the plea and whether

Petitioner was pleading guilty because he was in fact guilty of murder in the second degree. (Tr. of Jan. 8, 2007 Change of Plea Hr'g ("Plea Tr.") at 8.) After Petitioner expressed some hesitation, the court stated: "If you're not guilty, don't plead guilty. If you don't want to plead guilty, don't plead guilty." (*Id.* at 10.) Petitioner conferred with his counsel and when the court asked if he shot and killed the victim with the intent to cause his death, Petitioner responded in the affirmative. (*Id.* at 11.) The court also asked Petitioner if anyone had threatened or forced him to plead guilty, and Petitioner responded no. (*Id.* at 14.) Petitioner responded in the affirmative when the court asked if he was pleading guilty voluntarily and of his own free will. (*Id.*) The court thereafter accepted Petitioner's plea and scheduled sentencing for January 18, 2007. (*Id.* at 19.)

However, at the sentencing proceeding, Petitioner made an oral motion to withdraw his guilty plea, arguing that he was actually innocent and that his appointed counsel had coerced him into pleading guilty. (Tr. of Jan. 18, 2007 Sentencing ("Sentencing Tr.") at 21.) Petitioner alleged that counsel had lied to him about what would happen if he did not plead guilty and proceeded to trial. (*Id.* at 22-23.) Petitioner stated that he had previously voiced his concerns about counsel but, at that time, a different judge who was presiding over the matter denied his request to appoint new counsel. (*Id.* at 23-24.) The court questioned Petitioner extensively about the prior plea colloquy and pointedly asked Petitioner whether he had been lying when he stated that (1) he was satisfied with his attorney's representation, (2) no one was forcing him to plead guilty, and (3) he was pleading guilty because he was in fact guilty. (*Id.* at 23-26, 29, 31-32.) Based on Petitioner's statements and the Court's recollection of the guilty plea proceeding, the court found instead that Petitioner was lying about the coercion, and denied his application to withdraw the plea. (*Id.* at 30, 33.) However, because Petitioner's allegations created a conflict

with counsel, the court granted counsel's motion to withdraw, and appointed new counsel for the purposes of representing Petitioner at sentencing. (*Id.* at 38.)

Through newly appointed counsel, Petitioner made a written motion to withdraw his guilty plea or, in the alternative, for a hearing on the matter. The court denied this motion in a detailed, written opinion. At sentencing, Petitioner again stated that he was innocent and that he was not satisfied with the advice of his prior counsel in connection with his guilty plea. The trial court again denied the motion and sentenced Petitioner to fifteen years to life imprisonment in accordance with the plea agreement.

Petitioner appealed, asserting that the trial court infringed his rights by denying his motion to withdraw his guilty plea and not holding a hearing. Petitioner did not raise any other grounds in his direct appeal, and the Appellate Division affirmed, holding that "[t]he record establishes that the plea was knowing, intelligent and voluntary, and that it was made with the effective assistance of counsel." *People v. Snyder*, 858 N.Y.S.2d 165, 166 (App. Div. 1st Dep't 2008). The New York Court of Appeals denied leave to appeal. *People v. Snyder*, 11 N.Y.3d 741 (2008).

Petitioner filed the Petition on December 21, 2009. In an Order dated December 28, 2009, the Court referred this action to Judge Fox for a Report and Recommendation. (Doc. No. 3.) Respondent submitted an answer to the Petition on June 2, 2011.[1] Petitioner submitted a reply on July 2, 2011, and submitted a letter requesting permission to file a supplemental reply on September 6, 2011. Judge Fox issued the Report on September 12, 2011, recommending that

---

[1] Respondent initially submitted an answer to the petition on September 1, 2010, through an individual who had been supervised by an attorney admitted to practice before the Southern District of New York, but was not admitted to practice before this Court. By Order dated May 27, 2011, Judge Fox ordered that Respondent submit an answer by an attorney admitted to practice before this Court. (Doc. No. 36.)

the Petition be denied. After being granted several extensions, Petitioner submitted objections to the Report dated November 11, 2011, which were received in Chambers on November 29, 2011.

## II. DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief only if a claim that was adjudicated on the merits in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate judge's findings, the court must undertake a de novo review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where the objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). Objections of parties appearing *pro se* are "generally accorded leniency" and construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW), 2008 WL 4410131, at *2 (S.D.N.Y. Sept.

4

26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

### A. Unexhausted Claims

Petitioner objects to the Report's conclusion that his first, third, and fourth claims for relief are unexhausted. (Obj. 2.) However, Petitioner does not argue that these claims are exhausted. Instead, he asserts that he had attempted to amend the Petition in order to remove these claims. (*Id.*) This objection is, therefore, irrelevant because the Report recommends that these claims be dismissed, which is what Petitioner sought to achieve by amending his Petition. Accordingly, the Court adopts Judge Fox's thoughtful and reasoned Report on this issue.

### B. Denial of Motion to Withdraw Guilty Plea

Petitioner also objects to the Report's rejection of his exhausted claim, in which Petitioner contends that his constitutional rights were violated by the trial court's denial of his request to withdraw his guilty plea and its refusal to hold an evidentiary hearing on the issue. However, Petitioner's objections on this point merely reiterate his original arguments and are wholly conclusory, referring only to general propositions of law regarding the standard under AEDPA and the constitutional requirements for guilty pleas. As noted above, "*[p]ro se* filings are generally accorded leniency; however, where the objections are conclusory or general, or where Plaintiff simply reiterates his original arguments, the report should be reviewed only for clear error." *Manigault v. Checo*, No. 11 Civ. 373 (RJS), 2011 WL 4943962, at *1 (S.D.N.Y. Oct. 7, 2011). Thus, the Court finds that Petitioner has failed to object with specificity to any of the conclusions in the Report and merely reiterated his original arguments. Accordingly, the

Court reviews this claim for clear error and, having found none, adopts the Report in its entirety on this issue.

Alternatively, even if the Court were to review Petitioner's claim by the higher de novo standard, there is still no basis for finding that the state court's determination that Petitioner's guilty plea was "knowing, intelligent, and voluntary" was contrary to, or an unreasonable application of, clearly established federal law. Specifically, "[a] guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citation and internal quotation marks omitted). Thus, "the court taking a defendant's plea is responsible for ensuring a record adequate for any review that may be later sought." *Id.*; *see Hanson v. Phillips*, 442 F.3d 789, 797 (2d Cir. 2006). The record must demonstrate that a defendant who pleaded guilty entered his or her plea voluntarily with an understanding of the consequences. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). However, "[w]hile a trial judge is required to make a record that affirmatively discloses that the defendant's guilty plea is intelligent and voluntary, he or she is not required by federal law to engage in any particular interrogatory 'catechism' akin to that required of federal courts by Federal Rule of Criminal Procedure 11." *Hanson*, 442 F.3d at 798. Rather, a reviewing court must consider the totality of the circumstances when assessing the voluntariness of a guilty plea. *Id.*

Petitioner alleges that the record is "replete" with evidence showing his reluctance to plead guilty and his conflicts with his attorney. However, Petitioner fails to identify with specificity any of this evidence. Instead, a careful review of the transcripts of Petitioner's guilty plea and initial sentencing hearing reveals ample support for the Appellate Division's conclusion

6

that Petitioner's "plea was knowing, intelligent and voluntary, and that it was made with the effective assistance of counsel." *Snyder*, 858 N.Y.S.2d at 165.

The specific issues Petitioner raises regarding his guilty plea do not establish otherwise. "The state court's findings of fact are presumed to be correct unless the petitioner can rebut this presumption by clear and convincing evidence." *Parker v. Ercole*, 666 F.3d 830, 834 (2d Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)). Petitioner's argument that he did not plead guilty in his own words, but merely responded to the court's questions is not, in the face of the record developed by the trial court, sufficient to rebut the trial court's finding that his plea was knowing and voluntary. Similarly, the Court cannot conclude that the plea was involuntary based on Petitioner's allegation that he did not understand some of the court's questions. The transcript of the guilty plea confirms that Petitioner understood and appreciated what was taking place, and does not begin to approach the "clear and convincing" standard necessary to rebut the state court's factual findings. Additionally, the transcript of the guilty plea reflects that at one point early in the proceedings Petitioner responded that he did not understand, and the court rephrased its question. (Plea Tr. at 9.) This further undermines Petitioner's allegation that he did not understand the other questions being put to him. Therefore, the Court cannot conclude that the Appellate Term "unreasonably applied . . . clearly established Federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), by affirming the trial court's decision that Petitioner intelligently and voluntarily pleaded guilty.

### C. Submission of Supplemental Reply

Petitioner's objection that Judge Fox failed to consider his request to resubmit an updated reply brief that would present new arguments and facts is also without merit. While courts have discretion to consider documents filed in violation of procedural rules, there can be no dispute that Petitioner was not entitled to file a supplemental reply brief. *See Ruggiero v. Warner-*

7

Case 1:09-cv-10307-RJS-KNF Document 61 Filed 03/22/12 Page 8 of 20

*Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005); *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, No. 99 Civ. 8934 (RWS), 2004 WL 2181087, at *7 (S.D.N.Y. Sept. 29, 2004). Here, Judge Fox effectively denied Petitioner's motion to file a supplemental reply brief by not addressing the request. Although Petitioner asserts that he had new facts and arguments to present, he does not identify these new facts or arguments, or explain why he was unable to present them in his initial papers or in his original reply papers. Accordingly, the Court cannot conclude that Judge Fox abused his discretion by denying Plaintiff's request to submit a supplemental reply brief. *Cf. Gladstone Ford v. N.Y.C. Transit Auth.*, 43 F. App'x 445, 449 (2d Cir. 2002) (holding that the district court did not abuse its discretion by denying plaintiff leave to file a surreply).

Moreover, Judge Fox specifically noted that he would not consider any of the new arguments or factual allegations that Petitioner had attempted to raise for the first time in his *initial* reply submitted in July 2011. (Report at 9.) "The Court need not consider a new argument raised for the first time in a reply brief, as arguments presented in this fashion deny the opposing party a fair opportunity to respond." *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02 Civ. 4182 (CSH), 2006 WL 3146422, *3 (S.D.N.Y. Oct. 30, 2006). Petitioner's failure to challenge this aspect of the Report further supports the Court's conclusion that Judge Fox did not abuse his discretion by denying Petitioner's request to submit a supplemental reply brief, which Petitioner asserted would have contained new facts and arguments, when Judge Fox expressly noted that he would not consider the portions of the reply Petitioner *did* file that presented new facts and arguments.

### III. CONCLUSION

For the foregoing reasons, the Court adopts Judge Fox's Report in its entirety. Accordingly, Petitioner's first, third, and fourth claims are dismissed as unexhausted, and the remaining claim is denied. Because petitioner has not made a substantial showing of the denial

8

of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is directed to enter judgment and close this case.

SO ORDERED.

DATED:    March 21, 2012
                New York, New York

RICHARD J. SULLIVAN
United States District Judge

A copy of this Order was mailed to:

Taimak Snyder
# 07-A-3173
Auburn Correctional Facility
135 State Street,
P.O. Box 618
Auburn, New York 13021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TAIMAK SNYDER,                                        :

                        Petitioner,                   :

              -against-                               :     REPORT AND RECOMMENDATION

HAROLD D. GRAHAM,                                     :         09 Civ. 10307 (RJS)(KNF)

                        Respondent.                   :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

On November 2, 2009, pro se petitioner Taimak Snyder ("Snyder") filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder. He alleges his constitutional rights where violated when: (1) the court failed to advise him fully of the consequences of his guilty plea, during the plea allocution; (2) the court denied his motion to withdraw his guilty plea, without a hearing, after he alleged that his attorney coerced him into pleading guilty; (3) his appellate counsel rendered ineffective assistance to him; and (4) the court denied his oral request for appointment of new counsel, during the arraignment proceeding. The respondent opposes the petition.

## BACKGROUND

Snyder was arrested and indicted for second-degree murder, first-degree manslaughter, attempted second-degree murder, first-degree assault and second-degree criminal possession of a weapon, in connection with a July 9, 2004 incident in Bronx County, in which two persons were shot, one of whom died as a result of his gunshot wounds. Snyder pleaded guilty to second-degree murder. At the sentencing proceeding, Snyder made an oral motion to withdraw his

1

guilty plea, asserting he was innocent of the charge, and that his assigned attorney coerced him into pleading guilty. Additionally, he contended that his attorney lied to him on numerous occasions and that the court did not grant a previous request that it assign different counsel to represent him. The court denied the motion, finding that Snyder's statements were not truthful, relieved Snyder's counsel of the obligation to continue to represent him and assigned new counsel to Snyder.

Snyder made a written motion to withdraw his guilty plea or, alternatively, for a hearing on the matter. Snyder asserted that his first counsel: (a) failed to discuss the case with him adequately; (b) coerced him into pleading guilty, by telling Snyder that he saw no viable defense for him; (c) convinced Snyder's mother that Snyder had to plead guilty because he would be convicted at trial, since he had no defense; and (d) rendered ineffective assistance to him because he never discussed with Snyder's parents matters such as his status as a special needs student and failed to move to have an expert examine him or to obtain his school records to determine whether they would provide a basis for a defense. Snyder also contended that, at least on two occasions, he requested that new counsel be appointed to him, but his requests were denied.

The court denied Snyder's motion, finding that: (i) nothing in the record indicated that Snyder's guilty plea was baseless or that he was foregoing a viable defense; (ii) no factual basis existed in the record for Snyder's claim that his attorney coerced him into pleading guilty; (iii) Snyder cannot eviscerate his guilty plea by claiming that he was confused or under stress at the time he admitted his guilt; (iv) Snyder's unsubstantiated allegation that he did not understand the court's questions was an improper basis for withdrawing his guilty plea and was incredible; (v) Snyder's plea was voluntary and knowing, and he was not coerced into pleading guilty; (vi) Snyder's contention, that obtaining information from his parents about his status as a special

needs student may have provided a basis for a defense, was unsupported by the record; (vii) nothing in the record indicated that a basis existed for asserting a defense of duress, entrapment or mental disease or defect; and (viii) nothing in the record indicted that Snyder's attorney rendered ineffective assistance to him.

During the sentencing proceeding, Snyder stated that he was innocent and his first counsel did not have his best interest in mind. The court announced it would not permit Snyder to withdraw his guilty plea for the reasons stated in the court's denial of Snyder's previous motions to withdraw his guilty plea. Thereafter, Snyder was sentenced to fifteen years to life imprisonment.

On direct appeal, Snyder argued that the court denied him due process of law, when, without holding a hearing, it refused to grant his motion to withdraw his guilty plea, based on his allegation that his first counsel coerced him into pleading guilty, when he was, in fact, innocent. More specifically, Snyder claimed that his attorney coerced him into pleading guilty because Snyder "was young, frightened, and impressionable," his intelligence quotient "was in the 'low-average' range," and he "had little experience with the criminal justice system." According to Snyder, he had disagreements with his attorney. This is evidenced by his "efforts, on two occasions, to have his attorney replaced." In addition, Snyder maintained that nothing in the record establishes, unequivocally, that he was not coerced into pleading guilty. Moreover, Snyder argued, he did not plead guilty in his own words, but only responded affirmatively to the court's inquiries. He asserted that, the record is replete with his claims of innocence, and the court should have done more than just deny his motion to withdraw the guilty plea. The prosecution contended that Snyder entered his guilty plea knowingly, voluntarily and intelligently.

The New York State Supreme Court, Appellate Division, First Department, found that the court denied Snyder's motion without a hearing properly because, at the time Snyder made his oral application to withdraw his guilty plea,

> the court conducted a lengthy colloquy with defendant, after which it assigned a new attorney who reiterated and supplemented defendant's claims in a written motion. In denying that motion, the court made detailed findings. The court was thoroughly familiar with the proceedings, including the plea allocution, and properly concluded that defendant's claims were unfounded. Defendant's claim of innocence, and all of his allegations relating to his original counsel's performance, are contradicted by statements defendant made at the time of the plea. The record establishes that the plea was knowing, intelligent and voluntary, and that it was made with the effective assistance of counsel.

People v. Snyder, 51 A.D. 3d 602, 602-03, 858 N.Y.S.2d 165, 166 (App. Div. 1st Dep't 2008). The New York Court of Appeals denied Snyder's application for leave to appeal. See People v. Snyder, 11 N.Y.3d 741, 864 N.Y.S.2d 400 (2008). This petition followed.

Snyder contends the court failed to advise him that his sentence includes mandatory parole. According to Snyder, had he been advised of that fact, he would not have pleaded guilty. Snyder maintains that he did not exhaust this issue in state court because he could not find anyone to assist him and was unable to make arguments on his own. Snyder argues that the court denied him due process of law when, without holding a hearing on the issue of whether his attorney coerced him into pleading guilty, it denied his motion to withdraw his guilty plea. Snyder also contends that his appellate counsel rendered ineffective assistance to him because he did not argue that: (a) the court failed to advise Snyder that mandatory parole is part of his sentence; and (b) Snyder's request for new counsel was denied on more than one occasion. Snyder maintains that he was unable to find anyone to assist him in exhausting this claim in the state court, and he is incapable of arguing it on his own. Moreover, Snyder contends that the trial court violated his constitutional rights when, during the arraignment proceeding, it denied

4

his oral request to obtain new counsel. According to Snyder, he did not exhaust this claim in the state court.

The respondent contends the state court's determination that Snyder's guilty plea was knowing, voluntary and intelligent was not contrary to or an unreasonable application of clearly established federal law. According to the respondent, the court's factual determinations are entitled to deference, including that the "information that [Snyder's] counsel may have obtained from [Snyder's] parents which indicated that [Snyder] was a special needs student, would not have given him the ability to construct a defense since nothing in the school records indicated that there was a basis for asserting a defense of duress, entrapment, or mental disease or defect, and therefore did not establish counsel's incompetency." Furthermore, since the court: (i) determined that Snyder had an opportunity to present his contentions through a written motion; (ii) reviewed the plea minutes; (iii) heard Snyder's oral application; and (iv) questioned him extensively, it was proper for the court to render its decision without conducting a hearing.

In his reply, Snyder contends that the state-court's decision regarding the voluntariness of his plea is an unreasonable determination of the facts because the state court ignored "highly probative" evidence, relevant to his claim and "should have held an evidentiary hearing to determine whether petitioner's plea was voluntary and made with effective assistance of counsel." Snyder asserts that the court denied his motions to withdraw his guilty plea without considering "the fact that petitioner did not admit his guilt in his own words to the plea court's inquiry" and his "responses to the plea court's inquiry had raised a serious question as to his competency; petitioner received . . . advice [from] an attorney who was inadequately informed of the facts of petitioner's case and petitioner's past history." Moreover, Snyder contends

5

>that the court's finding that there were [sic] no support from petitioner's motion papers and from the record regarding petitioner's status as a special need student were conclusory, unsupported by the evidence in the record and thus incorrect, since the record was replete with the evidence that petitioner was incompeten[]t and/or unintelligent to understand the court's proceedings or the proceedings against him.

Snyder argues that he entered his guilty plea unknowingly, involuntarily and unintelligently. He asserts that he entered his guilty plea based on an erroneous understanding of its consequences. Furthermore, Snyder contends that the court denied him due process of law when it failed to conduct a competency hearing sua sponte, because his responses to the court's inquiry at the plea proceeding "raised a significant question as to petitioner's competency."

## DISCUSSION

*Legal Standard*

>The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:
>
>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>28 U.S.C. § 2254(d).

A state-court decision is contrary to clearly established Supreme Court precedent if its conclusion on a question of law is "opposite to that reached by [the Supreme] Court," or if the state court reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state-court decision involves an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal rule from [the Supreme]

6

Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407, 120 S. Ct. at 1520. On a petition for a writ of federal habeas corpus, "[t]he petitioner carries the burden of proof." Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). "A state court's determination of a factual issue is presumed to be correct, and may only be rebutted by clear and convincing evidence." Bierenbaum v. Graham, 607 F.3d 36, 48 (2d Cir. 2010) (citing 28 U.S.C. § 2254(e)(1)).

AEDPA requires a petitioner to exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1)(A). When a claim has not been presented to a state court for adjudication, a federal court reviewing a habeas corpus petition may deem the claim exhausted "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001).

*Application of Legal Standard*

<ins>Unexhausted Claims</ins>

Except for Snyder's claim that the court violated his due process rights when it failed to conduct a hearing in connection with his motion to withdraw his guilty plea, all his claims are unexhausted. Snyder's claims that: (a) the court failed to advise him that mandatory parole is part of his sentence; (b) the court denied his oral request for appointment of new counsel during the arraignment proceeding; and (c) his appellate counsel rendered ineffective assistance to him, may not be deemed exhausted. This is so because, although Snyder's claims respecting the court's: (a) failure to advise him of mandatory parole; and (b) denial of his request for

7

appointment of counsel at his arraignment proceeding would be futile, as New York law requires dismissal of claims that could have been, but were not, brought on direct appeal, where no justifiable excuse for that failure is demonstrated, see New York Criminal Procedure Law § 440.10(2)(c), Snyder has also made a claim of ineffective assistance of appellate counsel via a writ of error coram nobis. Coram nobis is the appropriate remedy, in New York, for an ineffective assistance of appellate counsel claim. See People v. Bachert, 69 N.Y.2d 593, 599-600, 516 N.Y.S.2d 623, 627 (1987). Thus, Snyder is not barred from bringing his ineffective assistance of appellate counsel claim in the state court. If that claim is resolved favorably for Snyder, the state court could determine that a justifiable excuse for Snyder's failure to raise his unexhausted claims on direct appeal exists. Moreover, in that circumstance, it is possible that the court would not dismiss Snyder's post-judgment motion to vacate judgment, based on his unexhausted claims, without considering the merits of those claims. Therefore, Snyder's unexhausted claims may not be deemed exhausted because they are not procedurally barred; they must be dismissed.

    Exhausted Claim

In support of his exhausted claim, that the court violated his due process rights when it failed to conduct a hearing in connection with his motion to withdraw his guilty plea, Snyder submitted his statement of facts from his appellate brief and a transcript excerpt from his plea proceeding. Apart from Snyder's assertion that he was denied due process of law, no attempt has been made by him to identify, in his petition, any governing law or to explain how the Appellate Division's decision on his claim was either contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. See 28 U.S.C. § 2254(d). Snyder also failed to show that the state court's decision resolving his claim is

grounded on an unreasonable determination of the facts. Furthermore, Snyder did not present any evidence to the Court that rebuts the presumption of correctness accorded the factual findings made in the state courts respecting his exhausted claim. See 28 U.S.C. § 2254(e)(1).

Snyder attempted to make arguments and new factual allegations, for the first time, in his reply. However, "[a]rguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). He also raised, improperly, a new claim in his reply, which had never been raised in the state court, namely, that the court violated his due process rights when it failed to hold a competency hearing sua sponte. To the extent that Snyder responds, in his reply, to the respondent's contentions in opposition to his petition, those responses have been considered by the Court. The parts of Snyder's reply that respond to the opposition to his petition do no more than repeat the contentions made in his state-court appellate brief. As a result, the Court finds that Snyder did not meet the burden imposed on him by 28 U.S.C. § 2254(d). Therefore, he is not entitled to habeas corpus relief based on the claim that was adjudicated on the merits, by the state court.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (a) Snyder's unexhausted claims be dismissed from the petition; and (b) the petition be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan.

***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review***.  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
       September 12, 2011

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Taimak Snyder  
Bari Kamlet, Esq.